**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| PROPERTY OWNERS WITHSTANDING ETJ RETRACTIONS; and THE SCHOENSTATT MOVEMENT OF AUSTIN, <br><br> *Plaintiffs,* <br><br> v. <br><br> CITY OF AUSTIN; T.C. BROADNAX, *in his official capacity* as City Manager; and KEITH MARS, *in his official capacity* as Director of Development Services Department, <br><br> *Defendants.* | Civil Action No. 1:26-cv-01518-RP |

**JOINT REPORT OF THE PARTIES' RULE 26(f) CONFERENCE
AND PROPOSED SCHEDULING RECOMMENDATIONS**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule CV-16 of the United States District Court for the Western District of Texas, and the scheduling procedures of United States District Judge Robert Pitman, Plaintiffs Property Owners Withstanding ETJ Retractions ("POWER") and The Schoenstatt Movement of Austin ("Schoenstatt") (collectively, the "Property Owners"), and Defendants the City of Austin, T.C. Broadnax, and Keith Mars (collectively, the "City"), by and through their respective counsel, submit this Joint Report of their Rule 26(f) Conference and their proposed scheduling recommendations.

**1. Rule 26(f) Conference.**

Counsel for the parties conferred as required by Rule 26(f) on July 29, 2026. Participating in the conference were Alexa L. Gervasi of Cobb & Gervasi, PLLC, on behalf of the Property Owners, and Luke McHenry on behalf of the City.

**2. Nature of the Case.**

This case concerns the City of Austin's release of approximately 170 properties from its extraterritorial jurisdiction ("ETJ") pursuant to Chapter 42 of the Texas Local Government Code and the City's subsequent letters, dated March 13, 2026, purporting to void those releases.

1

The Property Owners allege that the City retracted the releases without due process, without legal authority, and in violation of Chapter 42 of the Texas Local Government Code. The Property Owners seek declaratory and injunctive relief and relief under 42 U.S.C. § 1983.

The City denies the Property Owners' allegations and contend that the Property Owners' properties were never eligible for release because of their proximity to Bee Caves Armory, a "military base" within Tex. Loc. Gov't Code § 42.101(b) and § 43.0117, and the associated five-mile exclusion, such that their releases were void ab initio.

### 3. Jurisdiction and Venue.

The Property Owners and the City agree that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 over the claims under 42 U.S.C. § 1983 and the Fourteenth Amendment, supplemental jurisdiction under 28 U.S.C. § 1367 over the related state-law claims, and authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202. They further agree that venue is proper in this District and the Austin Division under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred here and Defendants reside here.

### 4. Pending Preliminary-Injunction Matter.

The Property Owners' motion for a preliminary injunction (ECF No. 6) was heard on July 14, 2026. As of the date of this Joint Report, that motion remains pending.

This Joint Report addresses case-management deadlines for the litigation of this matter on the merits and does not affect the preliminary-injunction proceedings.

### 5. Initial Disclosures.

The parties will exchange the initial disclosures required by Rule 26(a)(1) within 14 days after the Rule 26(f) conference, on or before August 12, 2026. The parties do not propose any change to the form or requirement of the initial disclosures.

### 6. Proposed Discovery Plan.

The parties propose the following discovery plan under Rule 26(f)(3):

(a) **Initial disclosures.** As stated above, the parties will exchange Rule 26(a)(1) disclosures within 14 days after the conference.

(b) **Subjects, timing, and phasing of discovery.** The Property Owners anticipate that discovery may be needed on the following subjects: the City's issuance of the original ETJ releases and its March 2026 retractions; the City's policies, procedures, and decision-making concerning release petitions and their retraction; the City's determination that the property known as the Bee Caves Armory is a "military base" within Tex. Loc. Gov't Code § 42.101(b) and § 43.0117, including whether active military training occurs at Bee Caves Armory, and the associated five-mile exclusion;

the identity of the affected properties and their owners; any enforcement actions or notices of violation directed at the affected properties; and the nature and extent of the Property Owners' injuries.

The City anticipates that in addition to the areas of discovery already identified, discover may be needed on the Property Owners alleged damages, efforts to mitigate alleged damages, and any property development efforts taken prior to March 16, 2026.

The Parties propose that discovery proceed on all issues, without phasing, and be completed on or before the deadline stated in the schedule below.

(c) **Electronically stored information.** The Parties anticipate the discovery of electronically stored information ("ESI"). They propose that ESI be produced in a reasonably usable form—searchable PDF or native format, with reasonable metadata—and will confer regarding an ESI protocol as needed. The Parties do not anticipate extraordinary issues concerning the disclosure or preservation of ESI.

(d) **Privilege and protection of trial-preparation materials.** The Parties request that the Court enter an order under Federal Rule of Evidence 502(d) providing that the inadvertent production of privileged or work-product material does not waive the privilege or protection, and they will follow a claw-back procedure for the return of any such material.

(e) **Changes in limitations on discovery.** The Parties propose that the presumptive limits of the Federal Rules and Local Rules apply—including ten depositions and twenty-five interrogatories per side—with no changes at this time. The Parties will confer regarding any adjustment that the number of affected properties may warrant.

(f) **Other orders.** The Parties are not aware of any other orders the Court should enter under Rule 26(c) or Rule 16(b)–(c) at this time.

## 7. Alternative Dispute Resolution.

The Parties will confer regarding the appropriate method and timing of alternative dispute resolution and will file the report required by Local Rule CV-88.

## 8. Trial.

The Property Owners' claims are principally equitable and declaratory. The Parties request a jury trial, which the Parties believe can be completed in approximately three to four days.

## 9. Consent to United States Magistrate Judge.

Each party will separately complete and file the "Notice Concerning Reference to United States Magistrate Judge" in the form attached to Judge Pitman's scheduling order, indicating whether it consents to the reference.

**10. Proposed Scheduling Deadlines.**

The parties propose the following deadlines, which will be transcribed onto Judge Pitman's Agreed Scheduling Order form (attached hereto as Exhibit A).

| Event | Proposed Deadline |
|---|---|
| Report on alternative dispute resolution (Local Rule CV-88). | February 22, 2027 |
| Parties asserting claims serve written offers of settlement (private; not filed); opposing parties respond in writing. | Offer: November 30, 2026 Response: December 7, 2026 |
| Notice Concerning Reference to United States Magistrate Judge completed and filed by each party. | August 12, 2026 |
| Motions to amend or supplement pleadings, or to join additional parties, filed. | October 30, 2026 |
| Parties asserting claims for relief designate testifying experts and serve Rule 26(a)(2)(B) materials. | April 9, 2027 |
| Parties resisting claims for relief designate testifying experts and serve Rule 26(a)(2)(B) materials. (Rebuttal experts: within 15 days of receipt of the opposing expert's report.) | May 7, 2027[1] |
| Objections to expert reliability under Fed. R. Evid. 702 (within 11 days of the report or the expert's deposition, whichever is later). | Per Rule 702 / order |
| Discovery completed. | June 4, 2027 |
| Dispositive motions filed (≤ 20 pages). Responses due 14 days after service (≤ 20 pages); replies due 7 days after service (≤ 10 pages). This date is firm. | June 25, 2027 |
| Final pretrial conference — to be set by the Court (see Local Rule CV-16(e)). | Set by Court |
| Trial — to be set by the Court. Plaintiffs anticipate a bench trial of approximately 2–3 days. | Set by Court |

**11. Other Matters.**

The parties are not aware of any other matters affecting the just, speedy, and efficient determination of this action that should be brought to the Court's attention at this time.

---

[1] The Parties acknowledge that a deadline of May 7, 2027 is beyond the 15-day deadline set forth in this Court's standard scheduling form. The Property Owners are unopposed to the City's request for additional time to submit expert reports.

5

Respectfully submitted,

*/s/ Alexa L. Gervasi*
Bill Cobb
Texas Bar No. 00796372
Alexa L. Gervasi
Texas Bar No. 24147091
**COBB & GERVASI, PLLC**
1250 S. Capital of Texas Hwy
Building 3, Suite 400
Austin, Texas 78746
(512) 955-5209
alexa@cobbgervasi.com
bill@cobbgervasi.com

*Counsel for Plaintiffs*

*/s/ Luke McHenry*
Luke McHenry
Texas Bar No. 24057993
Assistant City Attorney
**CITY OF AUSTIN LAW DEPARTMENT**
P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2171
luke.mchenry@austintexas.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's electronic filing system.

*/s/ Alexa L. Gervasi*
Alexa L. Gervasi